**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF WEST VIRGINIA, CLARKSBURG DIVISION**

Debtor 1: **Zacharye Josef Anderson**
Debtor 2:

Case No.: **1:26-bk-573**
**N.D.W. Va. Model Plan** (08/01/2025)

## Chapter 13 Plan

## Part 1: Notices

To Creditors: Your rights may be affected by this plan. You should read this plan carefully and discuss it with your attorney if you have one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must timely file an objection to confirmation. Objections by any party other than the Chapter 13 Trustee must be in writing and filed with the court no later than fourteen days after the date first set for the section 341(a) meeting of creditors, unless otherwise permitted by the court. If this proposed plan was not filed at least nine days before the date first set for the meeting of creditors, objections must be filed within twenty-three days from the issuance of the Clerk's notice of the confirmation hearing that accompanies this proposed plan, or amended plan, unless otherwise permitted by the court. The plan may be confirmed without further notice if no objection is timely filed.

This plan does not allow claims. The fact that your claim is classified herein does not mean that you will receive payment. You must file a timely proof of claim to be paid.

Non-standard provisions, if any, are specifically set forth in Paragraphs 3.4, 5.3 and 8.1. Valuation of collateral may be done by separate motion or by serving this plan on the affected creditor. The avoidance of a security interests under 11 U.S.C. 522(f) and other determinations of lien rights, require a separate motion or adversary proceeding, as applicable. Interest rate modifications do not require a separate motion or seperate service of the plan on the affected creditor.

**Amended Plan:** Only complete this section if this is an amended plan before confirmation

Sections of the Plan that have been amended:

Creditors affected by the amendment (list creditor name and proof of claim number (if known))

Does the Debtor have "current monthly income" above the applicable median income for the State? **No**

Is the Debtor eligible for a discharge? **Yes** Is the Joint Debtor eligible for a discharge? **Yes**

## Part 2: Plan Payments and Length of Plan

If you have not paid the Chapter 13 filing fee, do you desire to have the Chapter 13 Trustee pay the filing fee from your first plan payment(s)? **No**

| | |
|---|---|
| **$5,890.98** | Monthly income of the Debtor as stated on Schedule I, Line 12 |
| **$5,820.36** | Less reasonably necessary monthly living expenses of the Debtor and all monthly payments for which the Debtor will remain the disbursing agent |
| **$70.62** | Income available to feasibly make monthly Chapter 13 plan payments |

The Debtor shall make plan payments as follows: **Total Length of Plan in Months:** **60**

| Amount | Frequency | Months | | Total |
|---|---|---|---|---|
| | weekly for | | months, totaling: | |
| **$452.31** | bi-weekly for | **60** | months, totaling: | **$58,800.30** |
| | semi-monthly for | | months, totaling: | |
| | monthly for | | months, totaling: | |

Other plan payment terms (e.g., "step" payments):

**Total Paid In ("Plan Base"): $58,800.00**

**Plan Payment Method: The first plan payment is due within 30 days of the filing of the bankruptcy petition. The Chapter 13 Trustee encourages debtors to make electronic plan payments through TFS Bill Pay, accessible via: https://www.tfsbillpay.com. Debtors may also mail payments to "Chapter 13 Trustee for WV, P.O. Box 2207, Memphis, TN 38101-2207" with your Case Number in the memo line. If the debtor seeks to pay by wage withholding order, the debtor shall provide the information below, which the Bankruptcy Court will use to enter a wage withholding order.**

**Debtor 1 (for payroll deduction cases only)**
Employer: **State of West Virginia**
Address:

Tele:
Deduction: **$452.31**

**Debtor 2 (for payroll deduction cases only)**
Employer:
Address:

Tele:
Deduction:

**Other Property.** In addition to the monthly plan payments proposed by the Debtor, the following additional property is dedicated to pay claims against the Debtor:

**None**

**Income Tax Refunds** - Unless otherwise indicated below, a debtor with income above the median income for the State upon the date of filing will provide the Trustee with a copy of each income tax return filed during the term of the plan within 14 days of filing the return and will turnover to the Trustee all income tax refunds in excess of $3,000.00 within 30 days of receipt. The Trustee may request the turnover of tax returns for below the median income debtors in the confirmation order.

Other Treatment:

**EFFECTIVE DATE FOR PLAN LENGTH.** Plan payments shall commence not later than 30 days after the filing of the petition or the date of conversion from another chapter to Chapter 13. The amount of the monthly plan payment may be increased without notice at or before the confirmation hearing. The proposed plan length runs from:

- [x] The date that the first plan payment is made pursuant to 11 U.S.C. 1326(a)(1)
- [ ] The effective date of confirmation with all pre-confirmation payments being dedicated to the plan

**Total Payments Provided for in the Plan by Class**

Analysis does not include any amounts not paid through the Trustee in the Plan

| Class: | | | |
|---|---|---|---|
| | 3.2 | Cure & Maintain Secured Debts | **$0.00** |
| | 3.3 to 3.4 | Modification of Secured Debts | **$0.00** |
| | 3.5 | Valuation of Secured Debts | **$46,766.29** |
| | 3.6 | Certain Unavoidable Liens | **$0.00** |
| | 4.2 | Trustee's Fees | **$5,880.00** |
| | 4.3 | Attorney's Fees | **$3,850.00** |
| | 4.4 to 4.5 | DSOs and Priority Debts | **$290.76** |
| | 5.2 to 5.3 | Cure & Maintain Unsecured Debts | **$0.00** |
| | 5.4 | General Unsecured Debts | **$243.61** |
| | 8.1 | Non-Standard Treatments | **$0.00** |
| | | Total Paid Out of Plan Base | **$58,800.00** |

## Part 3: Treatment of Secured Claims

**Secured Claims.** Each holder of an allowed secured claim, which is paid in full during the life of the plan and for which the collateral is not surrendered, shall retain the lien securing the claim until the earlier of: (1) payment of the underlying debt as determined under non-bankruptcy law; or (2) discharge. Should this case be dismissed or converted before the plan is

completed, the lien securing an allowed secured claim shall be retained by the holder to the extent recognized by non-bankruptcy law.

**Adequate Protection Payments.** Unless otherwise ordered, if a secured creditor is being paid through the Trustee, then all Section 1326(a)(1) adequate protection payments shall be made through the Trustee in the amount set forth in this Proposed Plan. The Trustee is not obligated to make any pre-confirmation adequate protection payments to a secured creditor until that creditor files a proof of claim.

**Stay Relief.** If relief from the automatic stay is ordered as to any item of collateral listed in Part 3, then the Trustee is authorized to cease all payments to the secured creditor.

**3.1 Direct Payments Made by the Debtor on Secured Debts.** The Debtor is not in arrears on the secured debts listed below and will directly maintain the current contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule. When the contractual term of a direct pay obligation expires before the end of the Debtor's applicable commitment period, the Debtor will commit the direct payment amount (less amounts necessary to pay taxes and insurance that were previously part of an escrow account) to payments under the Plan upon completion of the contract, unless otherwise provided in Section 8.1. The Trustee may adjust the actual number of payments remaining without further notice based on the creditor's filed proof of claim.

| Claim No. (if known) | Secured Creditor | Collateral | Current Installment Payment | Estimated No. of Payments Remaining |
|---|---|---|---|---|
| **-NONE-** | | | | |

**3.2 Cure of Arrearage and Maintenance of Payments.** Any existing arrearage will be paid in full by the Trustee at 0% interest unless otherwise indicated. The Trustee will maintain the contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule. The amount of the arrearage and on-going payment listed in a creditor's timely filed and allowed claim controls over the amount listed below and such a creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the creditor's proof of claim.

| Claim No. (if known) | Secured Creditor | Collateral | Pre-Petition Arrearage |
|---|---|---|---|
| **-NONE-** | | | |

Treatment of Contractual Installment Payments (these payments must be made by the Trustee)

| Secured Creditor | Collateral | Current Monthly Payment | Lesser of Payments Remaining or Plan Length | Total Paid in Plan |
|---|---|---|---|---|
| **-NONE-** | | | | |

**3.3 Secured Claims Excluded from 11 U.S.C. 506.** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or (3) not subject to valuation. Claims that are modified in a Chapter 13 plan must be paid through the Chapter 13 Trustee. The Trustee may pay the interest, secured principal and arrearage amount on an amortized basis over the life of the plan, and, thus, the total amount of interest paid may vary from the amount calculated. If relief from the automatic stay is ordered as to any item of collateral listed below, then the Trustee is authorized to cease all payments to the secured creditor. The dollar amount listed in a creditor's timely filed and allowed claim controls over the dollar amount listed below and the creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the dollar amount of the creditor's proof of claim. Absent a timely filed objection to this plan, the Trustee will pay the bankruptcy Till rate of interest, proposed below, or the proof of claim contractual repayment rate of interest, whichever is lower.

| Claim No. (if known) | Secured Creditor | Collateral | Total Owed Including Arrearage | Interest Rate | 90 Days Unpaid Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |
| For secured claims paid in full | | The Debtor will directly pay for taxes | | Escrow will be paid through the plan | | |

| Claim No. (if known) | Secured Creditor | Collateral | Total Owed Including Arrearage | Interest Rate | 90 Days Unpaid Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|
| with an escrow payment | | and insurance | | | | |

**3.4 Other Treatment of Secured Claims.** The Debtor proposes the following treatment:

| |
|---|
| **-NONE-** |

Total paid in the plan by the Trustee in Section 3.4 **$0.00**

**3.5 Secured Claims that are Subject to Valuation.** The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim is set forth in the column headed "Debtor's Valuation." For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this
paragraph.

| Claim No. (if known) | Creditor | Collateral | Amount Owed | Debtor's Valuation | Interest Rate | 90 Days Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|---|
| | **GLOBAL LENDING SERVICE** | **2020 Ford Ranger 69000 miles xlt fx4 package** | **$31,842.64** | **$22,000.00** | **8.50%** | | **$37,999.01** |
| | **LENDMARK FINANCIAL SERVICES, LLC** | | **$7,020.00** | **$0.00** | **8.50%** | | **$8,767.28** |

**3.6 Lien Avoidance.** This plan does not avoid judicial liens or nonpossessory, nonpurchase money security interests under 11 U.S.C. 522(f). To avoid such liens, the Debtor must file and serve a separate motion on the affected creditor(s) pursuant to Fed. R. Bankr. P. 7004 and 9014(b). The Debtor may at a later date seek to avoid a judicial lien held by a creditor not listed below. The information provided below is for information purposes only, and the information provided is subject to change, without the need to modify the plan, based on the resolution of the Debtor's motion to avoid lien. The monthly payment amount and the duration of payments is subject to the Trustee's discretion. The amount of the creditor's avoided lien, if any, shall be treated with other general unsecured claims and paid pro rata provided that the creditor timely files a proof of claim. The Debtor discloses the intention to avoid liens held by the following creditors:

| Claim No. (if known) | Creditor | Collateral / Face Value of Lien | Estimated Remaining Lien Value | Interest Rate | 90 Days Interest + Principal | Total Paid in Plan |
|---|---|---|---|---|---|---|
| **-NONE-** | | / | | | | |

**3.7 Surrender or Sale of Collateral.** For property the Debtor proposes to sell, a separate motion and proposed order must be filed which provide the details of the sale. Court approval must be obtained for the hiring of a professional to sell property. After the payment of secured debts and the costs of sale, all net proceeds shall be paid to the Trustee for distribution. Property to be sold by the Debtor that is not sold in the applicable time period listed below will be surrendered to the creditor unless the Trustee or Debtor requests additional time, or unless the Debtor modifies the plan to retain the collateral and cure existing defaults. A secured creditor entitled to a deficiency claim for surrendered collateral must file that claim within 120 days of entry of an order confirming this Chapter 13 plan, or within 30 days of a sale that is conducted by the Debtor, unless otherwise ordered by the Court. Any allowed unsecured claim resulting from the disposition of the collateral will be paid pro

rata with all other general unsecured claims. The Debtor requests that upon confirmation of this plan the stay under 11 USC 362(a) and 1301 be terminated with respect to surrendered collateral. This request is not a motion, is not goverend by 11 USC 362(d) or (e), and no fee is owed.

| Claim No. (if known) | Creditor | Collateral | Amount Owed | Debtor's Valuation / Amount Secured | Indicate if Surrender or Sale | Time to Complete Sale, if applicable |
|---|---|---|---|---|---|---|
| | **OneMain Financial** | **2016 Kia Sorento 209700 miles to be surrendered** | **$10,454.00** | **$3,000.00 / $0.00** | **Surrender** | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.** Unless the holder of a priority claim agrees to different treatment, Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.4.1, will be paid in full without post-petition interest.

Any agreement for different treatment should be formalized in a joint stipulation between the priority creditor and the Debtor and be filed with the Court.

**4.2 Trustee's Fees.** The Trustee's fee is governed by statute and may change during the course of the case. The Trustee's fee is estimated to be 10% of the Total Plan Base

| | |
|---|---|
| **$58,800.00** | Total Plan Base as stated in Part 2 |
| **$5,880.00** | Total estimated Trustee's Fee |

**4.3 Attorney's Fees**. After a debtor's Chapter 13 plan is confirmed, the Chapter 13 Trustee shall pay all outstanding attorney's fees concurrently with any secured debt payments and any domestic support obligation that is to be paid by the Trustee; provided, however, that funds are to be applied first to long term mortgage debts paid through the Trustee, second to equal monthly payments to other secured creditors, third to domestic support creditors, and only then to attorney's fees. Attorney's fees are to be paid, in full, before any plan payment is applied to an arrearage claim or before payment is applied to any other priority or unsecured debt.

| | |
|---|---|
| **$5,700.00** | Total attorney's fee and advanced costs received by the attorney |
| **$0.00** | Amount received pre-petition |
| **$3,850.00** | Amount to be paid in the plan by the Trustee |

**4.4 Domestic Support Obligations.** If the Debtor has domestic support obligations, use only the initials of minor children and do not list confidential information.

Proof of Claim # (if known)

Name & Address of Claimant or Agency:

| | |
|---|---|
| | Estimated DSO arrearage to be paid in the Plan |
| | Payment amount for on-going monthly DSO obligations if paid by the Trustee |
| | Lesser of Plan length or remaining monthly payments |
| **$0.00** | Total amount paid in the Plan by the Trustee as a Class 4.4 Claim |

**4.4.1 Domestic Support Obligations Assigned or Owed to A Governmental Unit and Paid Less than the Full Amount.** The allowed priority claims listed below are based on a domestic support obligation that has been assigned or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. 1322(a)(4). This plan provision requires that payments in Part 2 be for a term of 60 months.

| Claim No. (if known) | Creditor | Amount Owed | Amount Paid in Plan |
|---|---|---|---|
| **-NONE-** | | | |

**4.5 Other Priority Claims as Defined by 11 U.S.C. 507.**

| Claim No. (if known) | Creditor | Type of Priority | Amount Paid in Plan |
|---|---|---|---|
| | **IRS** | **Taxes and Certain Other Debts** | **$290.76** |

**4.6 Direct Payments on Priority Debts.** The Debtor will maintain current installment payments on the priority unsecured debts listed below.

| Claim No. (if known) | Creditor | Type of Priority | Monthly Payment | Total Payments Remaining |
|---|---|---|---|---|
| **-NONE-** | | | | |

## Part 5: Treatment of Non-Priority Unsecured Claims

**5.1 Direct Payments Made by the Debtor on Unsecured Debts.** The Debtor is not in arrears on the unsecured debts listed below and will directly maintain the current contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rules.

| Claim No. (if known) | Unsecured Creditor | Type of Debt (e.g., student loan, co-debtor claims, executory contracts, unexpired leases, etc) | Monthly Payment | Number of Payments Remaining |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5.2 Maintenance of Payments and Cure of any Defaults on Unsecured Claims.** Any existing arrearages will be paid in full by the Trustee at 0% interest unless otherwise indicated. The Trustee will maintain the contractual installment payments, with any change required by the applicable contract that is noticed in conformity with any applicable rule. Unless otherwise ordered by the court, the amount listed on a timely filed proof of claim controls over any amounts listed below as to the current installment payment and arrearage and such a creditor need not object to confirmation on the basis that this proposed plan does not accurately reflect the creditor's proof of claim. In the absence of a contrary timely proof of claim, the amount stated below is controlling. If relief from the automatic stay is ordered as to any of the debts listed below, then the Trustee is authorized to cease all payments to the unsecured creditor.

| Claim No. (if known) | Unsecured Creditor | Type of Debt (e.g., student loan, co-debtor claims, executory contracts, unexpired leases, etc) | Pre-Petition Arrearage |
|---|---|---|---|
| **-NONE-** | | | |

Treatment of Contractual Installment Payments (these payments must be made by the Trustee)

| Unsecured Creditor | Type of Debt | Regular Monthly Payment | Lesser of payments remaining or plan length | Total Paid in Plan |
|---|---|---|---|---|
| **-NONE-** | | | | |

**5.3 Other Separately Classified Non-Priority Unsecured Claims.** The Debtor proposes the following treatment:

| |
|---|
| **-NONE-** |

Total payments, if any, made by the Trustee in Section 5.3: **$0.00**

**5.4 Non-Priority Unsecured Claims Not Separately Classified.** Allowed non-prioirty claims that are not separately classified will be paid pro rata. Payment of any dividend will depend on the amount of secured and priority claims allowed, payments to separately designated classes, and the total amount of all allowed unsecured claims. No payment will be made until unsecured priority claims are paid in full, and no payment will be made on scheduled claims unless a proof of claim is filed. The value as of the effective date of the plan of property to be distributed in the plan on account of each allowed

unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated in Chapter 7 of the Bankruptcy Code on that date. Non-priority unsecured claims that are filed after entry of the confirmatin order and which are not timely filed deficiency claims are disallowed without further notice or court order.

**$243.61** Estimated distribution to unsecured creditors

The distribution to unsecured creditors will be ***pro rata***. It will depend on the amount of the allowed claims and the amount actually paid by the Debtor.

**5.5 Special Provisions Governing Student Loans.** This Plan does not provide for discharge of a debtor's student loan obligation. Discharge of a student loan requires a separate adversary proceeding. The debtor shall be allowed to seek enrollment in any applicable income-driven repayment plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc., without disqualification due to the debtor's bankruptcy provided that the debtor otherwise qualifies for an income-driven repayment plan. If the debtor qualifies and enrolls in an income-driven repayment plan, the debtor shall notify the Chapter 13 Trustee within 30 days of the amount of such payment and of any subsequent change in that payment. It shall not be a violation of the automatic stay or confirmation order for an educational lender, servicer, or guarantor to send the debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payment or delinquency.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 Assumption and Rejection.** The executory contracts and unexpired leases listed below are assumed and will be treated as specified in Section 5.1, 5.2, and/or 5.3. Any executory contract or unexpired lease not listed below, or not specifically listed in Part 5, is rejected.

| Name of Executory Contract or Lease Holder | Description of Leased Property or Executory Contract | Disbursing Agent: Trustee, Debtor, Third Party. **MUST BE CONSISTENT WITH § 5.1, 5.2 and/or 5.3** |
|---|---|---|
| **Granvel Cornelius Boggs** | **Oral month-to-month lease of residential lot for debtor?s mobile home; debtor pays $250 per month lot rent; debtor intends to continue living on on property.** | |

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the Debtor upon entry of discharge.**

## Part 8: Non-Standard Provisions

**8.1 Non-Standard Provisions.** A non-standard provision is a provision not otherwise included above. Non-standard provisions are listed here and/or in Paragraphs 3.4 and 5.3. No creditor may act in any manner whatsoever to collect, offset, or setoff all or any part of a debt that is to be paid in this Plan, or that is otherwise treated in the Confirmed Plan, unless expressly permitted by the Bankruptcy Code or by further Order of the Court. By filing a proof of claim, a creditor accepts the treatment of the claim in the Confirmed Plan. In the event that a creditor receives funds on a claim treated in this Plan from sources other than provided by this Plan, the creditor must file an amended proof of claim within 30 days.

| |
|---|
| |

Total, if any, to be paid by the Trustee in Section 8.1 **$0.00**

By signing below, I certify that the plan does not contain any non-standard provision other than as set forth in Sections 3.5, 5.3 and/or 8.1

## Part 9: Signatures

The Debtor, by signing below further states that the Debtor will be able to make all payments and comply with all provisions of this Plan, based on the availability to the Debtor of the income and property the Debor proposes to use to complete the Plan. This Plan complies with all applicable provisions of the Bankruptcy Code. Any fee, charge, or amount required to be

paid prior to confirmation has been paid or will be paid prior to confirmation. The Plan has been proposed in good faith and not my any means forbidden by law.

| | |
|---|---|
| **/s/ Thomas A. Zeni** | **September 2, 2026** |
| **Thomas A. Zeni** | **Date** |
| **Signature of Attorney for the Debtor** | |
| **/s/ Zacharye Anderson** | **September 2, 2026** |
| **Zacharye Josef Anderson** | **Date** |
| **Signature of Debtor 1** | |
| | |
| **Signature of Debtor 2 (if applicable)** | **Date** |

**<u>CERTIFICATE OF SERVICE FOR CLAIMS VALUED IN THE PLAN</u>**

The Bankruptcy Clerk's Office will mail the plan with the notice of the confirmation hearing on the creditors listed on the Debtor's mailng matrix. Regarding valued claims in Section 3.5 of this Plan, the Debtor may elect to file a separate motion to value, or may serve this Plan on the affected creditor pursuant to Fed. R. Bankr. P. 7004.

I certify that on this **September 2, 2026**. I served a copy of this plan, postage prepaid, by the method indicated below at the following address:

| | | | |
|---|---|---|---|
| Method of Service: | | Address: | |
| Method of Service: | | Address: | |
| Method of Service: | | Address: | |

**/s/ Thomas A. Zeni**
**Thomas A. Zeni**
**11 Commerce Dr Ste 103**
**Morgantown, WV 26501**
**(304) 944-4801**

Software Copyright(c) 1996-2026 Best Case, LLC- www.bestcase.com Best Case Bankruptcy

## EXHIBIT A: LIQUIDATION ANALYSIS, COMPARISON, AND ESTIMATED DIVIDEND

### Real Property

| | |
|---|---|
| | **1188 Porters Creek Road, Bomont , WV 25030 90's model oak wood 14x70 mobile home 3 bed 2 bath with tin roof and metal underpinning but no foundation and the it sits on a friend's property** |
| Value on Schedule A/B | **$10,323.00** |
| Less First Mortgage | **$0.00** |
| Less Other Lien(s) | **$0.00** |
| Less Claimed Exemption(s) | **$10,323.00** |
| Less 10% Costs of Sale | **$1,032.30** |
| Net Equity | **$0.00** |

### Motor Vehicles

| | |
|---|---|
| | **2009 Honda Rancher** |
| | **2020 Ford Ranger** |
| | **2016 Kia Sorento** |
| Value on Schedule A/B | **$26,800.00** |
| Less Lien(s) | **$42,296.64** |
| Less Claimed Exemption(s) | **$1,800.00** |
| Less 10% Costs of Sale | **$2,680.00** |
| Net Equity | **$0.00** |

### Other Assets

Everything Else

| | |
|---|---|
| | **1978 Boat 100 miles 12ft V bottom aluminum John boat** |
| | **Beds, couches, refrigerator, tv, dishes, silverware, furniture** |
| | **assorted everyday shirts, pants, etc** |
| | **Watches** |
| | **Emergency gas fund** |
| | **Checking: City National Bank** |
| | **Checking: Alloy Federal Credit Union** |
| | **Other financial account: PayPal** |
| | **Other financial account: Cash App** |
| | **Checking: Hunting** |
| | **Savings: Alloy Federal Credit Union** |
| | **Other financial account: Acorns ? investment account for my son consisting of IRA/brokerage/checking/savings** |
| | **Other financial account: West Virginia Retirement Plus Section 457(b) deferred compensation program** |
| | **401(k): WV state employee retirement PERS** |
| | **8x12 outdoor shed** |
| | **Secured Credit Card: Atlas** |
| Property Value | **$38,065.00** |
| Less Lien(s) | **$1.00** |
| Less Claimed Exemption(s) | **$37,039.00** |
| Less 10% Costs of Sale | **$3,806.50** |
| Net Equity | **$0.00** |

### Unsecured Liabilities & Liquidation Comparison

| Total Unsecured Claims on Schedules D, E/F | Outcome in Chapter 7 |
|---|---|

| | | | |
|---|---|---|---|
| Priority Claims on Schedule E/F | **290.76** | Total net Equity | **$0.00** |
| Non-Priority Portions of Priority Claims on E/F | **30,615.00** | Less Chapter 7 Commission | **$0.00** |
| General Unsecured Claims on Schedule E/F | **30,905.76** | Less Chapter 7 Attorney's Fees | **$0.00** |
| Undersecured portions, if any, on Schedule D | **$7,454.00** | Less Payment to Priority Claims | **$290.76** |
| Total Unsecured Claims | **$38,069.00** | Amount Payable to Gen. Unsecured | **$0.00** |
| | | Total General Unsecured Claims | **$59,867.02** |
| | | Percentage Distribution in Ch. 7 | **0.00%** |

**Outcome in Proposed Plan**

| | |
|---|---|
| Total Plan Payments | **$58,800.00** |
| Less Secured Claims in Part 3 paid by the Trustee | **$46,766.29** |
| Less Priority Claims in Part 4 paid by the Trustee | **$10,020.76** |
| Less Classified Unsecured Claims in Part 5 paid by the TE | **$0.00** |
| Less Non-Standard Claims in Part 8.1 paid by the Trustee | **$0.00** |
| Amount Payable to General Unsecured Claims | **$59,867.02** |
| Undersecured portions in Sections 3.4, 3.5, 3.6, 3.7, if any | **$7,454.00** |
| Total General, Non-Priority Unsecured Claims on Sch. E/F | **$30,615.00** |
| Total Unsecured and Undersecured, Non-Priority Claims | **$38,069.00** |
| Percentage Distribution in Chapter 13 | **0.00%** |

Software Copyright(c) 1996-2026 Best Case, LLC- www.bestcase.com